## BONFILS et al. v. GEESLIN.

No. 16198—Opinion Filed April 20, 1926.

Rehearing Denied Nov. 23, 1926.

1. **Evidence—Parol Evidence Varying Writing—Oral Negotiations Superseded by Written Contract.**

The execution of a contract in writing is deemed to supersede all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud or mistake of fact; and any representation made prior to, or contemporaneous with the execution of the written contract is held to be inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

2. **Same—Pleading Facts Justifying Parol Evidence.**

If a party desires to introduce evidence in avoidance of a writing, he must, as a rule, incorporate in his pleading the charge of fraud, accident, or mistake of fact upon which he relies; otherwise the evidence is inadmissible.

3. **Same — Parol Evidence Inadmissible to Vary Terms of Deed.**

Where a warranty deed provides that

"possession of said land is not to be given until the first day of January, 1921, but the party of the second part (grantee) will be given permission to farm the said land after the present crop is removed therefrom," the grantee is not entitled to the crop rents accruing from the crop of 1920, and should not be permitted to set up a contemporaneous oral agreement to the effect that he, the grantee, was to receive the rents for the year of 1920, and prior to the time of his right to take possession.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by F. G. Bonfils et al. against Jonas H. Geeslin. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

W. R. Bleakmore and A. T. Boys, for plaintiffs in error.

Seymour Foose and R. C. Brown, for defendant in error.

Opinion by JONES, C. This action was instituted by the plaintiffs in error as plaintiffs against the defendant in error, as defendant, in the district court for Blaine county, Okla., seeking to recover rents upon a certain tract of land located in Blaine county.

The plaintiffs allege in their petition that on or about the 15th day of September, 1919, they were the owners and in possession of a certain farm, containing 80 acres of land in said county, and that on or about said date, entered into an oral contract with one Albert Barnes, whereby plaintiffs rented said premises to the said Barnes for the year beginning January 1, 1920, and ending December 31, 1920. That thereafter, on or about January 1, 1920, plaintiffs made and entered into an oral contract with one M. J. Williams, whereby plaintiffs granted, bargained, sold, and agreed to convey to the said Williams said 80 acres of land free of all incumbrances, for a consideration of $5,500; that the said Williams also agreed to pay taxes for the year of 1919 then due, and that the possession of said premises so conveyed by the plaintiff was to be retained by the said grantors until January 1, 1921; however, that the said grantee could have the privilege to enter upon said lands after the removal of the matured crops in 1920, for the purpose of planting crops to mature in the year of 1921. Thereafter, on the 29th day of January, 1920, the plaintiffs and the said Barnes, the tenant on said premises, reduced the rental contract to writing, which contained the condition as heretofore set

forth, and thereafter, on or about the 30th day of January, 1920, the oral agreement of sale entered into by the plaintiffs and the said M. J. Williams was consummated, according to the terms and conditions heretofore stated, conveying said lands to the said Williams by warranty deed; and the day following the delivery of the deed to the said M. J. Williams, the said Williams conveyed said real estate by warranty deed to the defendant herein, Jonas H. Geeslin, and thereafter, during the month of March, 1920, the defendant, Geeslin, entered into an agreement with the tenant, Barnes, whereby he obtained possession of the premises, and plowed up about 30 acres of wheat, which he avers had been destroyed by a terrific rain storm, and planted the land in corn, and also claims to have entered into an agreement with the tenant, Barnes, whereby the defendant, Geeslin, took charge of the 23 acres of wheat not destroyed, and was to harvest and sell same and retain one-half of the net profits derived from the wheat crop, and pay the other half to the tenant, Barnes. The defendant, Geeslin, also agreed with the tenant, Barnes, to pay him a stipulated sum for the use of a pasture on the premises, in the event that Barnes did not continue to use same himself, and under this agreement, the tenant, Barnes, turned over and delivered the possession of all of the said cultivated lands on the premises to the defendant, Geeslin, who planted, cultivated, and gathered a corn crop, consisting of 23 acres, and retained the entire crop; Geeslin also harvested and sold the wheat crop, and after paying all expenses of same appropriated one-half of the net proceeds to his own use and benefit, and this suit is for the purpose of recovering from the defenant, Geeslin, the rents so converted, which plaintiffs allege they were entitled to receive.

Upon the trial of the case to the court and jury, the jury returned a verdict in favor of the defendant. By agreement of counsel the value of the seed wheat which the plaintiffs furnished to their tenant, Barnes, and about which there is no controversy, was left to the consideration of the court, and thereafter the court rendered judgment in favor of the defendant for the cost of the action, and in favor of plaintiffs for $162.50, the value of the seed wheat. From which judgment in favor of the defendant, the appellants prosecute this appeal, and assign various specifications of error, but submit the questions raised to this court under two heads as follows:

"First, that the court should have directed a verdict in favor of the plaintiffs and against the defendant."

- "Second, that the court permitted the introduction of parol evidence tending to vary the terms of the deed."

The question raised by the second proposition is the one that determines the rights of the parties to this controversy. The provision contained in the deed which has heretofore been referred to is as follows:

"To have and to hold said described premises until the said party of the second part, his heirs and assigns, forever, free, clear, and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature, except the 1919 taxes to be paid by the party of the second part, and possession of said land is not to be given until the 1st day of January, 1921, but the party of the second part will be given permission to farm the said land after the present crop is removed therefrom."

The rental contract entered into between the plaintiffs and their tenant, Barnes, on the 29th day of January, 1920, and at about the same date on which the deed here in controversy seems to have been delivered contained the following provision:

"The second party (Barnes) is to give possession of said land on or before January 1, 1921, and is to permit any other parties entering said lands to plant next year's crop after the removing of the present crop from said lands."

The rental contract also provides that the plaintiffs, parties of the first part, shall receive as rental one-third of the oats or corn crop, if such crops should be planted on the premises.

The appellees, in their answer in the court below, averred that there was an oral agreement entered into prior to the execution of the deed here in controversy, whereby it was agreed between the said M. J. Williams, the grantee named in said deed, and E. P. Kelly, acting for himself, and F. G. Bonfils, who was the joint owner of said lands, that:

"The plaintiffs would sell said real estate and all the share of plaintiffs in and to the crops under and by virtue of said lease for the following consideration to be paid by the said M. J. Williams to the plaintiff, to wit, the sum of $5,500, also the taxes on said real estate for the year 1919, amounting to $90.28, also the amount paid by the plaintiffs for seed wheat under and by virtue of said lease."

Defendant further avers that:

"On the 16th day of March, 1920, the defendant and the said Barnes (the tenant of plaintiffs) made and entered into the following oral agreement, to wit:

"The said A. F. Barnes would turn over and give into the possession of the said defendant all of said wheat ground amounting to about 56 acres, and the defendant would leave and allow to mature the wheat not blown out amounting to about 23 acres, and the defendant would harvest such wheat and have it threshed, etc. * * * And that the defendant should have all the crop he planted and raised that year on the remaining 30 acres of said wheat lands. * * *"

This agreement seems to have been carried out, and the defendant went into possession of said premises, or at least all that portion of it in cultivation. The appellee contends that the provision contained in the deed, reserving to the plaintiffs the possession of the premises until January 1, 1921, was only for the protection of the tenant, Barnes, and that it was so understood and agreed between the parties, grantor and grantee named in the deed, that the grantee should receive the rents as the landlord of the tenant, Barnes, and contends that the share of the crop to be so received by the defendant was a part of the consideration passing from plaintiffs to the defendant, while the appellants contend that the provisions contained in the deed, whereby possession was retained, necessarily carried with it the right to the collection of the crop rental, and that there is no ambiguity or fraud charged, and that the defendant should not have been permitted to introduce in evidence an explanation or an avoidance of the express terms and conditions of the deed.

The evidence offered by the defendant on this point was introduced over the objections of the plaintiffs, and is assigned as error in this court and we are inclined to the opinion that the contention of appellant is correct.

In 10 R. C. L. page 1016, section 208, will be found a very comprehensive definition and discussion of the rule here involved:

"Few of the rules of evidence are of wider application than that which declares extrinsic evidence not to be admissible either to contradict, subtract from, add to, or vary a written instrument.

"The execution of a contract in writing is deemed to supersede all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is held to be inadmissible to contradict, change or add to the terms plainly incorporated into and made a part of the written contract. * * * Although oral evidence may be admitted without objection it should not be permitted to work an alteration of a written contract between the parties."

In section 244, Id., where the author has

further discussed the same subject, we find this language:

"If a party desires to introduce evidence in avoidance of a writing he must, as a rule, incorporate in his pleading the charge of fraud, accident, etc., upon which he relies, otherwise the evidence is inadmissible. * * *"

And as we understand the record in this case, appellee, defendant in the trial court, does not rely upon or set forth any defense of this character, but contends that there was an oral agreement under the terms of which he, the defendant, was to receive the rents produced on the premises for the year of 1920, and prior to the date on which he was to obtain possession of same. A great many authorities are cited, both by appellants and appellee, wherein the rule as contended for by the appellants has been announced, to the effect that the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms, and that in the absence of fraud, accident or mistake of fact, oral testimony is not admissible to change or add to the terms of the written contract. Appellee calls attention to many exceptions which have been established by the courts to this general rule, but no case is cited which, in our judgment, authorizes the introduction of evidence to contradict or destroy the effect of a provision such as is found in the deed in controversy. The effect of the appellee's contention is that regardless of the reservation of possession to the grantor contained in the deed, he, notwithstanding, became the landlord. The relation of landlord and tenant is not compatible with the reservation of possession. The deed specifically provides that the grantee, appellee here, shall not be given possession until January 1, 1921, but gives permission to the grantee to go upon the premises for the purpose of preparing for and planting crops after the present crop is removed therefrom. We think under this state of facts that the oral agreement sought to be proven would be in direct conflict, and contrary to the terms of the written agreement contained in the deed, and we do not understand that it is permissible to contradict the express terms of a written agreement by the introduction of evidence tending to prove an oral agreement covering the same subject-matter, which is disposed of in the written agreement. The intention of the grantor is evidenced by reason of the provisions placed in the rental contract entered into with the tenant, Barnes, on the day prior to the delivery of the deed here in question, wherein it provided that the tenant shall permit other parties to enter said lands to plant next year's crop after the removal of the present

crop from the land, and the defendant, Geeslin, seems to have recognized the rights of the landlord, appellant here, when he entered into an oral agreement and contract with the tenant, Barnes, whereby he obtained possession of the premises. We think the recognition of the rights of the tenant as such is a recognition of the landlord's rights, hence the appellee, Geeslin, obtained no right other than that of tenant by reason of his entry upon the premises under his contract with the tenant, Barnes. We are therefore inclined to the opinion that the court was in error in admitting the evidence objected to by the plaintiffs in the trial of the case, which tends to vary the terms of the written agreement, and in error in refusing to direct a verdict in favor of the plaintiffs and against the defendant for the value of the rents received by the defendant, and while the question is somewhat complicated as to the corn rents, by reason of the fact that these rentals were produced by the labors of the defendant, Geeslin, and had he entered the place in accordance with and by reason of the terms contained in the deed, which gave him the right to enter upon and cultivate the land after the present crop had been removed, the plaintiffs would not be entitled to recover rent on this portion of the property, but in view of the fact that he entered the premises under a contract entered into with the tenant of the plaintiffs, and not by reason of the terms of the deed, we think he is estopped from denying the rights of the landlord. We therefore find that the judgment of the trial court should be reversed, and the case remanded to the trial court, with directions to render judgment in favor of the plaintiffs and against the defendant.

By the Court: It is so ordered.